# SLFAQ, LLC

p: (646) 517-5420 | f: (646) 861-4950
670 White Plains Road, #PH, Scarsdale, New York 10583

October 14, 2021

To Whom It May Concern:

This statement is being made in accordance with Federal Rule of Bankruptcy Procedure 1003(a).

On June 22, 2021, SLFAQ, LLC entered into an Asset Purchase Agreement (the "APA") with Alex Moglia, the Court Appointed receiver for Dexter Hospitality, Inc. ("DHI") to purchase the remnant assets of DHI. Under the terms of the APA, a copy of which is attached hereto as Exhibit A, the remnant assets included, among other things, accounts receivable and all known or unknown claims of DHI that had not been previously sold. The Chancery Court of Shelby County, Tennessee approved the sale via Order entered July 19, 2021. A copy of the Order is attached as Exhibit B.

One of the remnant assets purchased was a claim against American Hotel Register ("AHR"). SLFAQ had no intention of forcing AHR into an involuntary bankruptcy.

Sincerely,

Joseph E. Sarachek

# EXHIBIT A

### DEXTER SALE OF REMNANT ASSETS INCLUDING CURRENT COLLECTION SUITS

### ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of June 22, 2021, is by and between **Dexter Hospitality, Inc. d/b/a AS Hospitality and d/b/a Dexter Solutions** (the "Company") by and through **Alex Moglia and Moglia Advisors** as Receiver ("Receiver") of **Dexter Hospitality, Inc.** (the Company and Receiver are collectively the "Seller") (the "Company"), and **SLFAQ, LLC** ("Purchaser").

### WITNESSETH:

**WHEREAS**, on or about September 25, 2019, Alex Moglia and Moglia Advisors were appointed Receiver for Dexter Hospitality, Inc. and its related affiliates by the Chancery Court of Shelby County, Tennessee in the case of Bank of America, N.A. v. Dexter Hospitality, Inc., Case No. CH-19-1322, Part III. Pursuant to the Receivership Order, the Receiver has been charged with liquidating the assets of the Company which are part of the Receivership estate for the benefit of creditors.

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Company remaining, consisting of accounts receivable[1], tax refunds, class action claims, as well as known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement in the bank account of Receiver and/or the Company; and (b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto (c) any proceeds of assets or claims of the Company or Estate which have been previously sold, assigned, or transferred or which are excluded from this Agreement; and

**WHEREAS**, subject to Court approval of this Agreement, the Receiver is authorized to enter into this agreement on behalf of the Company and has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of ▇▇▇▇▇ dollars ▇▇▇▇▇ payable within 3 business days of receipt by Purchaser of Court approval of this executed Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** The sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets and Real Estate.** Seller further agrees that any payments received by Seller

---

[1] Except for any potential claims or counterclaims related to Mark Zimmerman, the former CEO of Dexter.

on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that, upon Court approval, Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances.

7. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. Furthermore, Purchaser may require the jurisdiction of the Court for prosecution and enforcement of certain rights. Purchaser shall reimburse Seller for its reasonable costs associated with such action and compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, the Company, by and through the Receiver, hereby irrevocably appoints Purchaser as its true and lawful attorney of the Company and authorizes Purchaser to act in the Company's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. The Company grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to Purchaser and its rights thereunder pursuant to this Agreement. A true and executed copy of the Limited Power of Attorney is annexed hereto as Exhibit A

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Tennessee.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**SLFAQ LLC.**

By: _____
Name: Joseph E. Sarachek
Its: President

670 White Plains Rd., Penthouse Suite
Scarsdale, NY. 10583

**DEXTER HOSPITALITY, INC.**

By: _____
Name: Alex Moglia, NOT PERSONALLY BUT SOLELY AS
Title: Receiver for Dexter Hospitality, Inc.

Address: 1325 Remington Road, Suite H
Schaumberg, IL 60173

## EXHIBIT A

## POWER OF ATTORNEY

4842-4235-6975, v. 1

4

# EXHIBIT B

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

BANK OF AMERICA, N.A.,

Plaintiff,

v.  No. CH-19-1322, Part III

DEXTER HOSPITALITY, INC.,

Defendant.



Entered JUL 19 2021

## ORDER APPROVING RECEIVER'S MOTION TO SELL
## REMNANT ASSETS TO SLFAQ, LLC

This matter came to be heard upon the Motion of Alex D. Moglia/Moglia Advisors, as Receiver, to Approve Sale of Remnant Assets to SLFAQ, LLC pursuant to an Asset Purchase Agreement dated June 22, 2021 (the "APA"). It appearing to the Court that there are no objections to the sale, the Court finds that the proposed sale of assets is fair and reasonable and in the interests of the receivership estate and that the Motion should be granted.

WHEREFORE, IT IS HEREBY ORDERED that the Motion of Alex D. Moglia/Moglia Advisors, as Receiver, to Approve Sale of Remnant Assets to SLFAQ, LLC pursuant to the APA for the sum of ▓▓▓▓▓▓▓▓ is granted and the Receiver is authorized to execute such documents as may be necessary to conclude the sale of assets, including but not limited to bills of sale, assignments, and the execution of powers of attorney on behalf of Dexter Hospitality, Inc. as provided in the APA.

IT IS SO ORDERED.

_____
CHANCELLLOR JOEDAE L. JENKINS
Date: 07-19-2021

APPROVED:

MILLER & MARTIN, PLLC

By: _Laura Ketcham_ by Michael P. Coury with permission
    Laura Ketcham
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
423-756-6600
423-785-8480 – fax
laura.ketcham@millermartin.com

Attorneys for Bank of America, N.A.


HARRIS SHELTON HANOVER WALSH, PLLC

By: _Laura S. Martin_ by Michael P. Coury with permission
    Laura S. Martin - #26457
6060 Primacy Parkway, Suite 100
Memphis, TN 38119
901-525-1455
901-526-4084 – fax
lmartin@harrisshelton.com

Attorneys for Dexter Hospitality, Inc.
And Glenda Burkhart


GLANKLER BROWN, PLLC

By: _____
    Michael P. Coury - #7002
6000 Poplar Avenue, Suite 400
Memphis, TN 38119
901-576-1886

2

901-525-2389 – fax
mcoury@glankler.com

Attorneys for Receiver

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon the persons listed below by electronic mail and/or U.S. mail, first class postage prepaid on July 9, 2021:

Laura Ketcham
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Laura.ketcham@millermartin.com

Laura Martin
6060 Primacy Parkway, Suite 100
Memphis, TN 38119
lmartin@harrisshelton.com

Sean Kirk
Bone McAllister Norton, PLLC
511 Union Street, Ste. 1600
Nashville, TN 37219
skirk@bonelaw.com

Robert J. Haupt
2345 Grand Boulevard, Ste. 2200
Kansas City, MO 64108
rhaupt@lathropgage.com

Scott M. May
7462 Laser Lane
Memphis, TN 38103
sfmay@bellsouth.net

Louis Jay Miller
799 Estate Place
Memphis, TN 38120
jmiller@mendelsohnfirm.com

Michael P. Coury

3

4829-4032-8433, v. 1

4