# **EXHIBIT B**

# **Scribe Answer**

FILED DATE: 8/10/2021 2:15 PM 2021L001563
FILED DATE: 7/19/2021 12:00 AM 2021L001563

FILED
7/19/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L001563
14080809

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SCRIBE OPCO, INC., a Delaware Corporation d/b/a KOOZIE GROUP<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOTEL REGISTER COMPANY, an Illinois corporation,<br><br>Defendant. | Case No. 2021-L-1563<br><br>Hon. Daniel J. Kubasiak |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant American Hotel Register Company ("American Hotel"), by and through its counsel Sparacino PLLC, states as follows for its Answer to Plaintiff's Complaint and Affirmative Defenses:

### COUNT I
### Account Stated

1. Plaintiff, SCRIBE OPCO, INC., d/b/a, KOOZIE GROUP is a Delaware Corporation qualified to transact business in the State of Illinois (hereinafter referred to as the "Plaintiff") and is engaged in the business of manufacturing and distributing promotional materials.

Answer: Defendant admits the allegations in this paragraph.

2. Defendant, AMERICAN HOTEL REGISTER COMPANY is an Illinois Corporation engaging in the business of distributing supplies to the lodging industry and whose principal place of business is 100 South Milwaukee, Vernon Hills, Illinois 60061.

Answer: Defendant admits the allegations in this paragraph.

3. Venue is proper in Cook County as the Defendant transacts business in Cook County, Illinois and Plaintiff shipped goods and Items as set forth in the Invoices (as defined below) on behalf of Defendant to places of business located in the City of Chicago, Cook County, Illinois.

Answer: Defendant admits the allegations in this paragraph.

4. On or about November of 2018 through and including March of 2020, the Defendant, at various times, executed and delivered to Plaintiff certain purchase orders to purchase goods and items from the Plaintiff.

Answer: Defendant admits the allegations in this paragraph.

5. Pursuant to the purchase orders from the Defendant, on or about November of 2018, through and including March of 2020, Plaintiff provided goods and items to or on behalf of the Defendant, as exhibited by the Statement and Invoices (hereinafter referred to as the "Invoices") which is attached hereto and made a part hereof as Group Exhibit A.

Answer: Defendant admits that Plaintiff provided goods and items to or on behalf of Defendant pursuant to purchase orders from Defendant on or about November of 2018 through and including March of 2020, but otherwise denies the allegations in this paragraph.

6. The Defendant agreed to pay the sum of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44) for the various goods and items as described in the Invoices furnished by the Plaintiff to or on behalf of the Defendant.

Answer: Defendant admits that it agreed to pay the proper amounts for which it was properly invoiced, but otherwise denies the allegations in this paragraph.

7. Plaintiff mailed the Invoices and the as set forth in Group Exhibit A to the Defendant by U.S. First Class mail, postage prepaid, to Defendant's place of business at American Hotel Register Co. at P.O. Box 8132, Vernon Hills, Illinois 60061.

Answer: Defendant lacks sufficient knowledge to admit or deny this allegation, and on that basis denies it.

8. Each of the Invoices as set forth on Group Exhibit A were sent from the Plaintiff to the Defendant on or about its respective date.

Answer: Defendant lacks sufficient knowledge to admit or deny this allegation, and on that basis denies it.

FILED DATE: 8/10/2021 2:15 PM 2021L001563
FILED DATE: 7/19/2021 12:00 AM 2021L001563

FILED DATE: 8/10/2021 2:15 PM 2021L001563
FILED DATE: 7/19/2021 12:00 AM 2021L001563

9. After allowing Defendant all just credits, deductions, and setoffs there remains due and owing from the Defendant to the Plaintiff for the total unpaid balance on the Invoices in the sum of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer: Defendant denies the allegations in this paragraph.

10. Despite demand having been made, Defendant, has failed and refused to make payment on any part of the Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer: Defendant denies the allegations in this paragraph.

11. Plaintiff has performed all of its obligations by furnishing the goods and items set forth in the Invoices and has been damaged by Defendant in the amount of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer: Defendant admits that Plaintiff delivered the goods and services related to certain purchase orders, but otherwise denies the allegations in this paragraph.

12. Defendant accepted the goods and items set forth in the Invoices and never made an objection to any of the Invoices or the goods and items as set forth in the Invoices and accordingly, an Account Stated exists between the Plaintiff and the Defendant in which the amount owed from the Defendant to the Plaintiff is Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer: Defendant denies the allegations in this paragraph.

## COUNT II
### Prejudgment Interest

13. Plaintiff, SCRIBE OPCO, INC., d/b/a, KOOZIE GROUP is a Delaware Corporation qualified to transact business in the State of Illinois (hereinafter referred to as the "Plaintiff") and is engaged in the business of manufacturing and distributing promotional materials.

Answer: Defendant admits the allegations in this paragraph.

14. Defendant, AMERICAN HOTEL REGISTER COMPANY is an Illinois Corporation engaging in the business of distributing supplies to the lodging industry and whose principal place of business is 100 South Milwaukee, Vernon Hills, Illinois 60061.

Answer: Defendant admits the allegations in this paragraph.

15. Venue is proper in Cook County as the Defendant transacts business in Cook County, Illinois and Plaintiff shipped goods and Items as set forth in the Invoices (as defined below) on behalf of Defendant to places of business located in the City of Chicago, Cook County, Illinois.

Answer:   Defendant admits the allegations in this paragraph.

16. On or about November of 2018 through and including March of 2020, the Defendant, at various times, executed and delivered to Plaintiff certain purchase orders to purchase goods and items from the Plaintiff.

Answer:   Defendant admits the allegations in this paragraph.

17. Pursuant to the purchase orders from the Defendant, on or about November of 2018, through and including March of 2020, Plaintiff provided goods and items to or on behalf of the Defendant, as exhibited by the Statement and Invoices (hereinafter referred to as the "Invoices") which is attached hereto and made a part hereof as Group Exhibit A.

Answer:   Defendant admits that Plaintiff provided goods and items to or on behalf of Defendant pursuant to purchase orders from Defendant on or about November of 2018 through and including March of 2020, but otherwise denies the allegations in this paragraph.

18. The Defendant agreed to pay the sum of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44) for the various goods and items as described in the Invoices furnished by the Plaintiff to or on behalf of the Defendant.

Answer:   Defendant admits that it agreed to pay the proper amounts for which it was properly invoiced, but otherwise denies the allegations in this paragraph.

19. Plaintiff mailed the Invoices and the as set forth in Group Exhibit A to the Defendant by U.S. First Class mail, postage prepaid, to Defendant's place of business at American Hotel Register Co. at P.O. Box 8132, Vernon Hills, Illinois 60061.

Answer:   Admits the allegations in this paragraph.

20. Each of the Invoices as set forth on Group Exhibit A were sent from the Plaintiff to the Defendant on or about its respective date.

Answer:   Defendant lacks sufficient knowledge to admit or deny this allegation, and on that basis denies it.

21. After allowing Defendant all just credits, deductions, and setoffs there remains due and owing from the Defendant to the Plaintiff for the total unpaid balance on the Invoices in the sum of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:   Defendant denies the allegations in this paragraph.

22. Despite demand having been made, Defendant, has failed and refused to make payment on any part of the Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:   Defendant denies the allegations in this paragraph.

23. Plaintiff has performed all of its obligations by furnishing the goods and items set forth in the Invoices and has been damaged by Defendant in the amount of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:   Defendant admits that Plaintiff delivered the goods and services related to certain purchase orders, but otherwise denies the allegations in this paragraph.

24. Defendant accepted the goods and items set forth in the Invoices and never made an objection to any of the Invoices or the goods and items as set forth in the Invoices and accordingly, an Account Stated exists between the Plaintiff and the Defendant in which the amount owed from the Defendant to the Plaintiff is Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:   Defendant denies the allegations in this paragraph.

25. Section 2 of the Illinois Interest Act (815 ILCS 205/2) provides:
Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all monies after they become due on any bond, bill, promissory note, or other instrument of writing-and on money withheld by an unreasonable vexatious delay of payment.

Answer:   Defendant states that the Illinois Interest Act speaks for itself.

FILED DATE: 8/10/2021 2:15 PM   2021L001563
FILED DATE: 7/19/2021 12:00 AM   2021L001563

FILED DATE: 8/10/2021 2:15 PM   2021L001563
FILED DATE: 7/19/2021 12:00 AM   2021L001563

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Modification of Course of Dealing

1. The COVID-19 crisis began in early 2020, and severely impacted the hospitality industry.

2. Defendant's sales were specifically impacted substantially by the COVID-19 crisis.

3. Subsequent to the onset of the COVID-19 crisis, and in response thereto, Plaintiff and Defendant modified their course of dealing, including the agreements at issue in this matter.

4. As part of those modifications, payment terms, payment amounts, and payment timing were modified, to give Defendant more time and flexibility to pay Plaintiff for products provided pursuant to their agreements.

5. Plaintiff acquiesced to those modified terms, as evidenced by the fact that Plaintiff continued to provide products after Defendant requested such modifications, and on the terms as modified by Defendant.

### Second Affirmative Defense – Waiver of Strict Contract Performance

6. The COVID-19 crisis began in early 2020, and severely impacted the hospitality industry.

7. Defendant's sales were specifically impacted substantially by the COVID-19 crisis.

8. Subsequent to the onset of the COVID-19 crisis, Defendant indicated its intention to change its conduct and, specifically, to not comply with the relevant agreement and course-of-dealing as had occurred prior to the onset of the COVID-19 crisis, including by not paying as promptly or on the same terms as Defendant had previously done with Plaintiff.

9. Plaintiff waived its right to strict compliance with the prior course-of-dealing agreement by, among other things, continuing to provide products after Defendant modified its course of dealing with Plaintiff.

10. Plaintiff waived, via its own course of conduct, including by accepting partial payments and late payments, its right to demand strict contract compliance by Defendant.

FILED DATE: 8/10/2021 2:15 PM   2021L001563
FILED DATE: 7/19/2021 12:00 AM   2021L001563

### Third Affirmative Defense – Commercial Frustration

11. The COVID-19 crisis began in early 2020, was not reasonably foreseeable, and severely impacted the hospitality industry.

12. Defendant's sales were specifically impacted substantially by the COVID-19 crisis.

13. The COVID-19 crisis frustrated the purpose of the agreement between Defendant and Plaintiff, because Plaintiff's products were no longer as necessary if the hospitality industry, and specifically hotels, was not operating at anything close to full capacity.

14. The nature of the agreement between Plaintiff and Defendant was based on the implied understanding that events like those surrounding the COVID-19 crisis would not occur.

15. Due to the commercial frustration caused by the COVID-19 crisis, Defendant should not be held to strict compliance with any contractual obligations imposed by the agreement at issue in this case.

Dated: July 18, 2021

Sparacino PLLC
Firm No. 18568
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
eli.kay-oliphant@sparacinopllc.com
(312) 216-5111
ARDC No. 6326136

Respectfully Submitted,

/s/ Eli J. Kay-Oliphant
Eli J. Kay-Oliphant

Attorneys for Defendant American Hotel Register Company