# <u>EXHIBIT C</u>

# Scribe Motion to Strike

FILED
8/9/2021 4:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L001563

14365875

FILED DATE: 8/9/2021 4:20 PM   2021L001563

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| SCRIBE OPCO, INC., a Delaware Corporation d/b/a KOOZIE GROUP, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2021 L 001563 |
| vs. | ) ) ) | |
| AMERICAN HOTEL REGISTER COMPANY, an Illinois corporation, | ) ) ) | |
| Defendant, | | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

NOW COMES, Plaintiff, SCRIBE OPCO, INC., a Delaware Corporation d/b/a KOOZIE GROUP (hereinafter referred to as the "Plaintiff"), by and through their Attorneys, Lichtman Eisen Partners, Ltd. and for Plaintiff's Motion to Strike Defendant's Affirmative Defenses states as follows:

**LEGAL STANDARD**

1.      Illinois is a fact pleading jurisdiction. Affirmative defenses must be supported by specific facts providing a basis for the affirmative matter pled. 735 ILCS §5/2-613(d). Facts concerning any defenses which, if not expressly stated, would take the opponent by surprise must be set out in the answer of reply. *Wheeler v. Subelt Tool Co.*, 181 Ill.App.3d 1088, 32 (4th Dist. 1989). Facts constituting an affirmative defense which seeks to defeat a cause of action must be pleaded. *La Grange Federal Sav. & Loan Asso. v. Rock River Corp.*, 97 Ill.App.3d 712, 115 (2nd Dist. 1981).

2.      A defense not properly pled is deemed waived although it may appear to be within the evidence. *M. Loeb Corp. v. Brycheck*, 98 Ill.App.3d 1122, 424 N.E.2d 1193 (1st Dist. 1981). Even if Defendant has evidence that supports his defense, if the defense is not properly pled with the necessary facts and expressly so as not to surprise the Plaintiff, the affirmative defense is waived. *Eckel v. Bynum*, 240 Ill.App.3d 867, 608 N.E.2d 167, 173 (1st Dist. 1992).

FILED DATE: 8/9/2021 4:20 PM   2021L001563

3.      Illinois has adopted the use of the Uniform Commercial Code to govern the sale of goods. Under the UCC goods are defined as, ""all things, including specially manufactured goods, which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities and things in action." 810 ILCS 5/2-105(1).

## ARGUMENT

4.      Defendant's Affirmative Defenses (hereinafter referred to as Defendant's Affirmative Defense) should be stricken on the basis that Defendant's Affirmative Defenses are improper in both form and substance. A photocopy of Defendant's Affirmative Defenses is attached hereto as **Exhibit A**. Defendant's Affirmative Defenses fail to properly plead a valid defense against Plaintiff's Complaint at Law and should be stricken.

## DEFENDANT'S FIRST AFFIRMATIVE DEFENSE IS INVALID AND SHOULD BE STRICKEN

5.      Defendant argues in its First Affirmative Defense that there was a modification to Plaintiff and Defendant's course of dealing when Plaintiff increased its flexibility with regard to payment amounts, and payment timing for the Defendant during COVID-19.

6.      Under 810 ILCS 5/1-303, a "course of dealing," is defined as, "a sequence of conduct concerning previous transactions between the parties to a particular transaction that is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." *810 ILCS 5/1-303(b)*. This means that a course of dealing is created between Plaintiff and Defendant based on previous transactions between the parties from separate agreements. Throughout Plaintiff and Defendant's relationship, Defendant placed orders through written purchase orders with Plaintiff and Plaintiff shipped goods either directly to the Defendant or Defendant's customers and Defendant paid for those goods. Defendant fails to cite any facts that would render a change of a course of dealing between parties. Simply, Defendant failed to pay for the goods. The extension of payment terms, without any factual basis to support the Affirmative Defense does not impact the amount of debt owed to Plaintiff or the fact that the debt is now

2

FILED DATE: 8/9/2021 4:20 PM   2021L001563

a year past its invoice date as evidenced by the Account Statement. (See Exhibit A). Simply not paying

invoices for accepted goods does not constitute repeated behavior that would alter the "course of dealing,"

between Plaintiff and Defendant, it is instead just a breach of the agreed terms between the parties.

7.      Further, there are no facts alleged by the Defendant that Defendant made partial payment,

or that delayed payment was ever accepted or agreed to by Plaintiff. Affirmative Defenses are subject to the

same attacks as other pleadings for factual deficiencies. *Prochnow v. El Paso Golf Club*, 253 Ill.App.3d 387,

625 N.E.2d 769 (4th Dist. 1993); *International Insurance Company v. Sergeant and Lundy,* 242 Ill.App.3d

614, 609 N.E.2d 847 (1st Dist. 1993). A defense not properly pled is deemed waived although it may appear

to be within the evidence. *M. Loeb Corp. v. Brycheck*, 98 Ill.App.3d 1122, 424 N.E.2d 1193 (1st Dist. 1981).

Even if Defendant has evidence that supports his defense, if the defense is not properly pled with the

necessary facts and expressly so as not to surprise the Plaintiff, the affirmative defense is waived. *Eckel v.*

*Bynum*, 240 Ill.App.3d 867, 608 N.E.2d 167, 173 (1st Dist. 1992).  Instead, Defendant just asserts that partial

payments and late payments alter "course of dealing" without stating any factual evidence.

8.      Defendant's First Affirmative Defense is invalid and should be stricken because there

existed no alteration of the "course of dealing," between Plaintiff and Defendant and there was no

sequence of conduct alleged by the Defendant, as required by Illinois Rules of Civil Procedure, to suggest

a "course of performance," by repeated behavior between the parties under the Credit Agreement under

810 ILCS 5/1-303.

## DEFENDANT'S SECOND AFFIRMATIVE DEFENSE IS INVALID AND SHOULD BE STRICKEN

9.      Defendant argues in its second Affirmative Defense that Plaintiff waived its right to strict

compliance in accordance with prior "course of dealing" agreement by continuing to provide products after

Defendant changed its conduct by not paying as promptly, or on the same terms as Defendant had

previously done with Plaintiff.

10.     There was a "course of dealing" established when Defendant placed purchase orders to

3

FILED DATE: 8/9/2021 4:20 PM   2021L001563

order goods from Plaintiff, that were then manufactured by Plaintiff, then delivered to Defendant or

Defendant's customers and Plaintiff would send the invoices to Defendant and Defendant would pay the

invoices.  In the issue at hand, Plaintiff furnished the goods and sent the goods, and submitted invoices to

be paid by the Defendant from February 12, 2020, through April 17, 2020. Under 810 ILCS 5/2-607(1), "The

buyer must pay at the contract rate for any goods accepted." *810 ILCS 5/2-607(1).* Defendant never made

any objections to the goods or invoices. As merchants, Plaintiff and Defendant are subject to the merchant

exception created by 810 ILCS 5/2-201(2) which states that, "Between merchants if within a reasonable

time a writing in confirmation of the contract and sufficient against the sender is received and the party

receiving it has reason to know its contents, it satisfied the requirement of subsection (1) against such party

unless written notice of objection to its contents is given within 10 days after it is received." *810 ILCS 5/2-201(2).*

11.      Defendant received shipments of the goods and the invoices. Defendant never objected to

any of the goods or the invoices within a reasonable time after receiving them, and therefore accepted

them. In order to properly alter course of performance under 810 ILCS 5/1-303(a), "the other party, with

knowledge of the nature of performance and opportunity for objection to it, accepts the performance or

acquiesces in it without objection." Plaintiff was not aware that Defendant was intending on altering the

course of dealing by not paying for invoices. It was Plaintiff's understanding that Defendant intended on

paying for the items it ordered on credit when the payments became due. Plaintiff did not have knowledge

of Defendant's inability to pay for the ordered goods and did not have the ability to object to it. There was

no sequence of conduct or common basis of understanding that would waive Plaintiff's right to strict

compliance under the Agreement.

12.      In short, Defendant is defending on the basis that if they cannot pay for goods, then it

automatically becomes a change to the course of dealing. Defendant ordered goods on credit, accepted

those goods, and then failed to pay for said goods. However, Plaintiff had no knowledge of Defendant's

FILED DATE: 8/9/2021 4:20 PM   2021L001563

inability or its lack of willingness to pay for goods when it fulfilled its obligation to furnish the goods under the purchase orders. Under the Uniform Commercial Code, there is due and owing to Plaintiff the invoice amount for accepted goods and Defendant's second Affirmative Defense should be stricken.

## DEFENDANT'S THIRD AFFIRMATIVE DEFENSE IS INVALID AND SHOULD BE STRICKEN

13.     Defendant argues in its third Affirmative Defense that due to the commercial frustration caused by COVID-19, Defendant should not be held to strict compliance with any contractual obligations imposed by the agreement at issue.

14.     It should be noted that the Agreement between parties did not contain a force majeure clause that allows that removes the parties from liabilities or obligation when an extraordinary event or circumstance beyond the control of the parties occurs. With this in mind, the Uniform Commercial Code fills the gap in which the agreement between parties fails to assert clear and express language. Defendant alleges commercial frustration as an Affirmative Defense. However, commercial frustration is not mentioned in the UCC. Instead, the UCC addresses commercial impracticability under 810 ILCS 5/2-615 and asserts options for the Seller when performance becomes impracticable in instances of capacity events and market events. *810 ILCS 5/2-615.*

15.     In the case at hand, Plaintiff as seller during COVID-19 was still able to fully complete and fulfill orders as ordered by Defendant. The UCC only addresses excuses for the Seller when the Seller is not able to perform on agreed to performance because of a capacity event. *Id.* Defendant was the buyer in the situation at hand, and is barred from excuse for commercial impracticability under the UCC. As the Account Statement indicated, the invoices were from February, March, and April of 2020. Defendant knew of the COVID-19 pandemic; it cannot claim it is impractical for it to pay for the goods. The commercial impracticability provision, 810 ILCS 5/2-615, does not impact the buyer's obligation to pay for the goods. In short, this was a contractual risk the Defendant assumed when it ordered the goods from the Plaintiff. Moreover, Defendant had knowledge and understanding that events relating to COVID-19 were occurring

FILED DATE: 8/9/2021 4:20 PM   2021L001563

at the time that orders were placed and therefore the purpose of the agreement between Plaintiff and

Defendant was not frustrated since the Plaintiff performed its obligation under the purchase orders

furnished by the Defendant.

## CONCLUSION

16.    All of Defendant's Affirmative Defenses are invalid under the Uniform Commercial Code and

Illinois Rule of Civil Procedure because they are simply legal theories misrepresented and unsupported by

any underlying factual basis. Defendant has failed to properly plead a single Affirmative Defense, and as a

result, the Affirmative Defenses raised by Defendant should be stricken.

WHEREFORE, Plaintiff, SCRIBE OPCO, INC., d/b/a KOOZIE GROUP respectfully requests that

Defendant, AMERICAN HOTEL REGISTER COMPANY's, Affirmative Defenses be deemed waived and

stricken.

RESPECTFULLY SUBMITTED,

SCRIBE OPCO, INC., d/b/a KOOZIE GROUP

By: _____

Lichtman Eisen Partners, Ltd.
One of their Attorneys

Marc S. Lichtman
Kara R. Eisen
Edward F. Kuester IV
Lichtman Eisen Partners, Ltd.
134 North LaSalle Street, Suite 750
Chicago, Illinois  60602
(312) 332-0247
Attorney Code 55683

6

FILED
8/10/2021 2:15 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L001563
14380334

FILED DATE: 8/10/2021 2:15 PM   2021L001563

# EXHIBIT A

# DEFENDANT'S AFFIRMATIVE DEFENSES

FILED DATE: 8/10/2021 2:15 PM  2021L001563
FILED DATE: 7/19/2021 12:00 AM  2021L001563

FILED
7/19/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L001563
14080809

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SCRIBE OPCO, INC., a Delaware Corporation d/b/a KOOZIE GROUP )<br><br>Plaintiff, )<br><br>v. )<br><br>AMERICAN HOTEL REGISTER COMPANY, an Illinois corporation, )<br><br>Defendant. ) | Case No. 2021-L-1563<br><br>Hon. Daniel J. Kubasiak |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant American Hotel Register Company ("American Hotel"), by and through its

counsel Sparacino PLLC, states as follows for its Answer to Plaintiff's Complaint and

Affirmative Defenses:

### COUNT I
### Account Stated

1. Plaintiff, SCRIBE OPCO, INC., d/b/a, KOOZIE GROUP is a Delaware Corporation qualified to transact business in the State of Illinois (hereinafter referred to as the "Plaintiff") and is engaged in the business of manufacturing and distributing promotional materials.

Answer:        Defendant admits the allegations in this paragraph.

2. Defendant, AMERICAN HOTEL REGISTER COMPANY is an Illinois Corporation engaging in the business of distributing supplies to the lodging industry and whose principal place of business is 100 South Milwaukee, Vernon Hills, Illinois 60061.

Answer:        Defendant admits the allegations in this paragraph.

FILED DATE: 8/10/2021 2:15 PM   2021L001563
FILED DATE: 7/19/2021 12:00 AM   2021L001563

3. Venue is proper in Cook County as the Defendant transacts business in Cook County, Illinois and Plaintiff shipped goods and Items as set forth in the Invoices (as defined below) on behalf of Defendant to places of business located in the City of Chicago, Cook County, Illinois.

Answer:       Defendant admits the allegations in this paragraph.

4. On or about November of 2018 through and including March of 2020, the Defendant, at various times, executed and delivered to Plaintiff certain purchase orders to purchase goods and items from the Plaintiff.

Answer:       Defendant admits the allegations in this paragraph.

5. Pursuant to the purchase orders from the Defendant, on or about November of 2018, through and including March of 2020, Plaintiff provided goods and items to or on behalf of the Defendant, as exhibited by the Statement and Invoices (hereinafter referred to as the "Invoices") which is attached hereto and made a part hereof as Group Exhibit A.

Answer:       Defendant admits that Plaintiff provided goods and items to or on behalf of Defendant pursuant to purchase orders from Defendant on or about November of 2018 through and including March of 2020, but otherwise denies the allegations in this paragraph.

6. The Defendant agreed to pay the sum of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44) for the various goods and items as described in the Invoices furnished by the Plaintiff to or on behalf of the Defendant.

Answer:       Defendant admits that it agreed to pay the proper amounts for which it was properly invoiced, but otherwise denies the allegations in this paragraph.

7. Plaintiff mailed the Invoices and the as set forth in Group Exhibit A to the Defendant by U.S. First Class mail, postage prepaid, to Defendant's place of business at American Hotel Register Co. at P.O. Box 8132, Vernon Hills, Illinois 60061.

Answer:       Defendant lacks sufficient knowledge to admit or deny this allegation, and on that basis denies it.

8. Each of the Invoices as set forth on Group Exhibit A were sent from the Plaintiff to the Defendant on or about its respective date.

Answer:       Defendant lacks sufficient knowledge to admit or deny this allegation, and on that basis denies it.

FILED DATE: 8/10/2021 2:15 PM   2021L001563
FILED DATE: 7/19/2021 12:00 AM   2021L001563

9. After allowing Defendant all just credits, deductions, and setoffs there remains due and owing from the Defendant to the Plaintiff for the total unpaid balance on the Invoices in the sum of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:      Defendant denies the allegations in this paragraph.

10. Despite demand having been made, Defendant, has failed and refused to make payment on any part of the Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:      Defendant denies the allegations in this paragraph.

11. Plaintiff has performed all of its obligations by furnishing the goods and items set forth in the Invoices and has been damaged by Defendant in the amount of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:      Defendant admits that Plaintiff delivered the goods and services related to certain purchase orders, but otherwise denies the allegations in this paragraph.

12. Defendant accepted the goods and items set forth in the Invoices and never made an objection to any of the Invoices or the goods and items as set forth in the Invoices and accordingly, an Account Stated exists between the Plaintiff and the Defendant in which the amount owed from the Defendant to the Plaintiff is Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:      Defendant denies the allegations in this paragraph.

## COUNT II
### Prejudgment Interest

13. Plaintiff, SCRIBE OPCO, INC., d/b/a, KOOZIE GROUP is a Delaware Corporation qualified to transact business in the State of Illinois (hereinafter referred to as the "Plaintiff") and is engaged in the business of manufacturing and distributing promotional materials.

Answer:      Defendant admits the allegations in this paragraph.

14. Defendant, AMERICAN HOTEL REGISTER COMPANY is an Illinois Corporation engaging in the business of distributing supplies to the lodging industry and whose principal place of business is 100 South Milwaukee, Vernon Hills, Illinois 60061.

Answer:      Defendant admits the allegations in this paragraph.

FILED DATE: 8/10/2021 2:15 PM   2021L001563
FILED DATE: 7/19/2021 12:00 AM   2021L001563

15. Venue is proper in Cook County as the Defendant transacts business in Cook County, Illinois and Plaintiff shipped goods and Items as set forth in the Invoices (as defined below) on behalf of Defendant to places of business located in the City of Chicago, Cook County, Illinois.

Answer:       Defendant admits the allegations in this paragraph.

16. On or about November of 2018 through and including March of 2020, the Defendant, at various times, executed and delivered to Plaintiff certain purchase orders to purchase goods and items from the Plaintiff.

Answer:       Defendant admits the allegations in this paragraph.

17. Pursuant to the purchase orders from the Defendant, on or about November of 2018, through and including March of 2020, Plaintiff provided goods and items to or on behalf of the Defendant, as exhibited by the Statement and Invoices (hereinafter referred to as the "Invoices") which is attached hereto and made a part hereof as Group Exhibit A.

Answer:       Defendant admits that Plaintiff provided goods and items to or on behalf of Defendant pursuant to purchase orders from Defendant on or about November of 2018 through and including March of 2020, but otherwise denies the allegations in this paragraph.

18. The Defendant agreed to pay the sum of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44) for the various goods and items as described in the Invoices furnished by the Plaintiff to or on behalf of the Defendant.

Answer:       Defendant admits that it agreed to pay the proper amounts for which it was properly invoiced, but otherwise denies the allegations in this paragraph.

19. Plaintiff mailed the Invoices and the as set forth in Group Exhibit A to the Defendant by U.S. First Class mail, postage prepaid, to Defendant's place of business at American Hotel Register Co. at P.O. Box 8132, Vernon Hills, Illinois 60061.

Answer:       Admits the allegations in this paragraph.

20. Each of the Invoices as set forth on Group Exhibit A were sent from the Plaintiff to the Defendant on or about its respective date.

Answer:       Defendant lacks sufficient knowledge to admit or deny this allegation, and on that basis denies it.

FILED DATE: 8/10/2021 2:15 PM   2021L001563
FILED DATE: 7/19/2021 12:00 AM   2021L001563

21. After allowing Defendant all just credits, deductions, and setoffs there remains due and owing from the Defendant to the Plaintiff for the total unpaid balance on the Invoices in the sum of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:        Defendant denies the allegations in this paragraph.

22. Despite demand having been made, Defendant, has failed and refused to make payment on any part of the Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:        Defendant denies the allegations in this paragraph.

23. Plaintiff has performed all of its obligations by furnishing the goods and items set forth in the Invoices and has been damaged by Defendant in the amount of Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:        Defendant admits that Plaintiff delivered the goods and services related to certain purchase orders, but otherwise denies the allegations in this paragraph.

24. Defendant accepted the goods and items set forth in the Invoices and never made an objection to any of the Invoices or the goods and items as set forth in the Invoices and accordingly, an Account Stated exists between the Plaintiff and the Defendant in which the amount owed from the Defendant to the Plaintiff is Two Hundred Sixty Nine Thousand Seven Hundred Eighty Two and 44/100ths Dollars ($269,782.44).

Answer:        Defendant denies the allegations in this paragraph.

25. Section 2 of the Illinois Interest Act (815 ILCS 205/2) provides:
Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all monies after they become due on any bond, bill, promissory note, or other instrument of writing-and on money withheld by an unreasonable vexatious delay of payment.

Answer:        Defendant states that the Illinois Interest Act speaks for itself.

FILED DATE: 8/10/2021 2:15 PM   2021L001563
FILED DATE: 7/19/2021 12:00 AM   2021L001563

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Modification of Course of Dealing

1. The COVID-19 crisis began in early 2020, and severely impacted the hospitality industry.

2. Defendant's sales were specifically impacted substantially by the COVID-19 crisis.

3. Subsequent to the onset of the COVID-19 crisis, and in response thereto, Plaintiff and Defendant modified their course of dealing, including the agreements at issue in this matter.

4. As part of those modifications, payment terms, payment amounts, and payment timing were modified, to give Defendant more time and flexibility to pay Plaintiff for products provided pursuant to their agreements.

5. Plaintiff acquiesced to those modified terms, as evidenced by the fact that Plaintiff continued to provide products after Defendant requested such modifications, and on the terms as modified by Defendant.


### Second Affirmative Defense – Waiver of Strict Contract Performance

6. The COVID-19 crisis began in early 2020, and severely impacted the hospitality industry.

7. Defendant's sales were specifically impacted substantially by the COVID-19 crisis.

8. Subsequent to the onset of the COVID-19 crisis, Defendant indicated its intention to change its conduct and, specifically, to not comply with the relevant agreement and course-of-dealing as had occurred prior to the onset of the COVID-19 crisis, including by not paying as promptly or on the same terms as Defendant had previously done with Plaintiff.

9. Plaintiff waived its right to strict compliance with the prior course-of-dealing agreement by, among other things, continuing to provide products after Defendant modified its course of dealing with Plaintiff.

10. Plaintiff waived, via its own course of conduct, including by accepting partial payments and late payments, its right to demand strict contract compliance by Defendant.

FILED DATE: 8/10/2021 2:15 PM   2021L001563
FILED DATE: 7/19/2021 12:00 AM   2021L001563

### Third Affirmative Defense – Commercial Frustration

11. The COVID-19 crisis began in early 2020, was not reasonably foreseeable, and severely impacted the hospitality industry.

12. Defendant's sales were specifically impacted substantially by the COVID-19 crisis.

13. The COVID-19 crisis frustrated the purpose of the agreement between Defendant and Plaintiff, because Plaintiff's products were no longer as necessary if the hospitality industry, and specifically hotels, was not operating at anything close to full capacity.

14. The nature of the agreement between Plaintiff and Defendant was based on the implied understanding that events like those surrounding the COVID-19 crisis would not occur.

15. Due to the commercial frustration caused by the COVID-19 crisis, Defendant should not be held to strict compliance with any contractual obligations imposed by the agreement at issue in this case.

Dated: July 18, 2021

Respectfully Submitted,

/s/ Eli J. Kay-Oliphant
Eli J. Kay-Oliphant

Sparacino PLLC
Firm No. 18568
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
eli.kay-oliphant@sparacinopllc.com
(312) 216-5111
ARDC No. 6326136

Attorneys for Defendant American
Hotel Register Company